UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MODIE MCCLENDON, III,

       Petitioner,                      Case No. 13-12526
                                               HON. TERRENCE G. BERG
v.

SHIRLEE HARRY,

       Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF <u>APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS</u>**

       Modie McClendon, III, ("Petitioner"), incarcerated at the Pugsley Correctional Facility in Grand Traverse County, Michigan, has filed a petition for writ of habeas corpus. The petition challenges his May 2, 2011, Saginaw County Circuit Court conviction for possession with intent to deliver 50-to-449 grams of cocaine. Petitioner claims: (1) the trial court abused its discretion in denying Petitioner's motion to suppress evidence obtained after a warrantless search; and (2) Petitioner's constitutional rights were violated when Trooper Asbridge conducted a warrantless search of a vehicle. For the reasons that follow, the petition for a writ of habeas corpus will be SUMMARILY DENIED.

               **I.**       **FAILURE TO STATE CLAIM FOR HABEAS RELIEF**

       Petitioner fails to state a claim upon which habeas relief can be granted. A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may be summarily dismissed. *Perez v. Hemingway*,

157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is also authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition, or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

Both of Petitioner's claims assert that his Fourth Amendment rights were violated by the warrantless search of his car. The Supreme Court has held, however, that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). Petitioner was provided with such an opportunity.

"Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich.2005). This procedural mechanism is a motion to suppress, ordinarily filed before trial. *See People v. Ferguson*, 376 Mich. 90 (1965) (describing the availability of a pre-trial motion to suppress). In this case, Petitioner filed a motion to suppress the evidence found in his car. An evidentiary hearing was conducted on the motion, and following that hearing, the trial court issued an opinion—a copy of which was attached to the

2

petition—that addressed and denied Petitioner's arguments that the search of his car was illegal. Petitioner then presented his Fourth Amendment claim to both the state appellate court and the state supreme court, and they too denied relief. *People v. McClendon*, No. 31466 (Mich. Ct. App. July 9, 2012); *People v. McClendon*, No. 145601 (Mich. Nov. 20, 2012).

Further, Petitioner makes no allegations that the presentation of his Fourth Amendment claims was frustrated by the failure of any state court procedural mechanism. *See Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (citations omitted); *see also Fulcher v. Logan Cnty. Cir. Ct.*, 459 F. App'x 516, 521 (6th Cir. 2012). Indeed, the trial court order clearly shows that Petitioner was given a full and fair opportunity to litigate his claims in state court. Accordingly, habeas relief must be denied.

## II.   CERTIFICATE OF APPEALABILITY

When a federal district court issues a ruling on a habeas petition, the court may also grant or deny a certificate of appealability. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

In order to obtain a certificate of appealability, a prisoner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529

U.S. 473, 484 (2000). "When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong." *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). Accordingly, the Court will deny Petitioner a certificate of appealability because he is unable to make a substantial showing of the denial of a federal constitutional right.

The Court will also deny Petitioner leave to appeal *in forma pauperis* because any appeal would be frivolous. *Id.* (citing *Allen v. Stovall*, 156 F.Supp.2d 791, 798 (E.D. Mich. 2001)).

### III. CONCLUSION

Based upon the foregoing, it is **ORDERED** that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED**.

It is **FURTHER ORDERED** that a certificate of appealability is **DENIED**, and Petitioner is **DENIED** leave to appeal *in forma pauperis*.

Dated: June 28, 2013  
               s/Terrence G. Berg  
               TERRENCE G. BERG  
               UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on June 28, 2013, using the CM/ECF system; a copy of this Order was also addressed to Plaintiff's attention and mailed to the Pugsley Correctional Facility.

               s/A. Chubb  
               Case Manager